UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LIDIA M. ORREGO,

                            Plaintiff,                       **ORDER**
                                                                  **AND**
                                                                  **REPORT AND**
                                                                    **RECOMMENDATION**
              -against-                                                CV 20-3361 (GRB)(AYS)

KEVIN KNIPFING, et al.,

                            Defendants.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

      This is an employment discrimination action in which Plaintiff Lidia Orrego ("Plaintiff" or "Orrego") is proceeding with claims for retaliation and hostile work environment pursuant to 42 U.S.C. §1981 and the NYSHRL on account of her race. After a motion to dismiss Plaintiff's claim of retaliation remains only against Defendants Kevin Knipfig, Stephanieanna James-Knipfing and the named LLC's (the "Corporate Defendants"). Orrego's claim of a hostile work environment remains only as to Defendants Zantua, Stephanieanna James-Knipfing, and the Corporate Defendants.[1] Defendants deny all of Plaintiff's claims and allege that they engaged in no wrongdoing.

      Presently before this Court are several pretrial motions. Most of the motions allege a litany of improper and largely unspecified conduct during the course of discovery - mostly by defense counsel, but also on the part of Defendants and the Court. Plaintiff seeks sanctions that include entry of a judgment of default (as a discovery sanction), a declaratory judgment that she

---

[1]     Plaintiffs' claims pursuant to the NYCHRL, the New York Labor Law, the New York Penal Law and her claims for discrimination under 42 U.S.C. §1981 and the NYSHRL have been dismissed by the District Court. Defendant Savitsky has been dismissed from this action entirely.

1

is entitled to prevail on the merits, and a transfer of the venue of this matter to Judges sitting in this district's Brooklyn courthouse. As to the last requested relief, Plaintiff first moved before the Chief Judge of the Eastern District of New York, who advised Plaintiff that she should address her requests to the District and Magistrate Judges assigned to her case.

While it is often impossible to keep up with Plaintiff's numerous and prolix filings - most recently, Plaintiff has made six separate filings between March 1 and March 6, 2023 - the Court here rules on Plaintiff's pending motions. As indicated below, where motions are addressed to non-dispositive matters, the Court rules in the form of an Order of this Court; where motions are dispositive in nature the Court rules, pursuant to the general referral order of the District Court, in the form of Report and Recommendation.

## BACKGROUND

Proceedings Prior to the Motions

The District Court herein has previously ruled on Defendants' motion to dismiss. See Docket Entry herein ("DE") [30]. Therein, the Court outlined the allegations of Plaintiff's Amended Complaint (the "Complaint"), taken as true in the light of the procedural posture. The Court need not review all of the facts alleged in the Complaint and recited in the opinion of the District Court. Relevant to this decision, however, are the following facts.

Plaintiff was employed first as a nanny, and then as a housekeeper for the Knipfings. She began working on January 31, 2018 and was dismissed on November 27, 2018. Upon commencement of her employment Plaintiff was given an employment and nondisclosure agreement. The latter of these agreements is referred to in the District Court's opinion and herein as the "NDA." Pursuant to the terms of the NDA Plaintiff agreed not to "publish, disseminate, discuss, disclose . . . or cause or induce to be disclosed" any confidential information, including

"photographs, films, videotapes, sound recordings, [or] audio tracks" of anyone in the Knipfing family or any employees of the Knipfings." DE [30] at 2. Plaintiff underwent a background check and thereafter signed the NDA on February 15, 2018. Plaintiff was terminated from her employment less than a year after commencement, on November 27, 2018. The letter informing Plaintiff of her termination states that Orrego was terminated for breach of the NDA, including recording a conversation and taking "recordings and photographs" of the Knipfing's home . . . ." DE [30] at 7. Other grounds for termination were noted, but are not necessary to recite herein. See id. Plaintiff disputes that she violated the terms of the NDA. Id.

      The District Court granted the motion to dismiss all of Plaintiff's claims of race discrimination. DE [30] at 11. In particular, the District Court noted the short period of Orrego's employment (less than one year), and the lack of any facts (even when alleged by a pro se plaintiff) tending to support a showing of any discriminatory intent. DE [30] at 11. However, given the solicitude granted pro se plaintiffs, the District Court declined to dismiss Orrego's retaliation claim against the Knipfings and the Corporate Defendants at the pleadings stage. Id. While all claims were dismissed with respect to Defendants Zantua and Savitsky, the District Court held that Plaintiff's claims of a hostile working environment were sufficient to survive at the pleadings stage as alleged again Zantua, Stephanieanna Knipfing and the Corporate Defendants. Like the claims of retaliation, the harassment claim as alleged against Savitsky was also dismissed. DE [30] at 17. Thus, the claims that survived the Sepember 30, 2021 decision of the District Court and proceeded to discovery are Plaintiff's claim of retaliation only against Defendants Kevin Knipfing, Stephanieanna James-Knipfing and the Corporate Defendants. Her claim of a hostile work environment remains only as to Defendants Zantua, Stephanieanna James-Knipfing, and the Corporate Defendants.

3

Proceedings Following Decision on the Motion to Dismiss

On December 2, 2021, shortly after this matter was assigned to this Court, and following the District Court's appointment of pro bono counsel, this Court scheduled an initial conference. DE [41]. In accord with this Court's individual rules regarding employment cases, pro bono counsel properly submitted a joint case management statement and discovery plan worksheet. DE [42]. Upon review thereof, this Court entered a discovery schedule requiring, as the first phase of discovery, compliance with the Court's employment protocols. See Scheduling Order dated 02/11/2022. Two days later, Orrego submitted a motion seeking to have her appointed lawyer removed from the case. DE [43]. In particular, Orrego took issue with his agreement to participate in the discovery process which was required by the rules of this Court.

On February 18, 2022 this Court entered an order scheduling a telephone conference regarding Orrego's motion to have appointed counsel removed. A conference was held on March 8, 2022, during which the Court relieved Plaintiff's pro bono counsel from further representation of Orrego.[2] In accord with courtesies extended to parties whose counsel are relieved from representation, the Court stayed all proceedings herein for 60 days during which Plaintiff could consider whether to engage counsel on her own, or proceed pro se. See Order dated 03/08/2022. Plaintiff asked this Court to appoint new pro bono counsel; in particular she sought bilingual counsel. DE [50]. This Court reiterated that any request for the appointment of counsel must be made to the District Court. Plaintiff was reminded of the necessity of communicating with this

---

[2]  Plaintiff continues to make completely unsupported attacks on her formerly appointed pro bono counsel, accusing him of being in "partnership" with Defense counsel. DE [85]. There is no support for any such allegation. Instead, the record reflects only former counsel's compliance with the Court's rules and willingness to assist Plaintiff in this matter.

4

Court as to her decision regarding whether she would go forward with this matter on a pro se basis. See Order dated 03/14/2022.

On April 19, 2022, Plaintiff informed the Court of her decision to proceed pro se. DE [51]. In her letter informing the Court of her decision, Orrego asked the Court to remove from the docket the previously entered (and stayed) scheduling order, appearing as DE [42], that was agreed to by her former counsel. The Court declined to remove a publicly filed document from the docket, but to accommodate what Plaintiff requested, the Court vacated that scheduling order. DE [52]. The Court repeated what it had communicated to Plaintiff in the past - that the Court cannot provide Court interpreters in civil cases. The Court reminded Plaintiff that she was free to engage her own interpreter. Plaintiff was also told, again, of the availability of the Hofstra Law School pro se clinic to assist her on a limited scope representation basis. Id. Additionally, the Court set forth a detailed discovery schedule to facilitate the progress of this matter in an orderly and expeditious manner. In particular, that order described with particularity the documents to be exchanged as part of the first phase of discovery. The parties were directed to submit a joint status letter on June 15, 2022 setting forth dates certain for the taking of depositions. Finally, that order stated that upon receipt of the joint status letter the Court would enter an order governing the remainder of discovery. DE [52].

Three days later, Orrego submitted a letter to this Court taking issue with the Court's Order appearing at DE [52]. See Letter dated April 26, 2022, appearing as DE [54]. In that letter Orrego began what would become a pattern of accusing opposing counsel of misconduct. Thus, in addition to taking issue with Defendants' failure to produce documents in accord with the scheduling order that she objected to (and specifically asked be removed from the docket) Orrego said that Defendants engaged in cynical and outrageous conduct and would continue to

5

disobey and violate laws, orders, protocols and rules. DE [54]. Finally Orrego requested that all future conferences be held in person and requested an agenda of matters to be discussed. DE [54].

Upon receipt of DE [54] it became clear that Plaintiff objected to this Court's scheduling order and wished to be advised of the schedule in person. While the Court has the discretion to decide the method of holding conferences, the Court entered an order on May 2, 2022, vacating its April 19, 2022 order to allow Plaintiff to attend a re-scheduled initial conference, in-person. Accordingly, the Court issued a scheduling order directing the parties to appear for an in-person conference to be held on July 5, 2022 at 10:30 A.M.

July 5, 2022, this Court held the scheduled in-person scheduling conference. Plaintiff appeared, along with a person who was serving as her interpreter for the day. At that conference, the Court explained the pretrial discovery process. In a scheduling order entered on the same day as the in-person conference, the Court noted that Plaintiff agreed that all service in this matter may proceed via email. This Court also entered a Phase I discovery schedule providing that by August 1, 2022, the parties were to exchange all documents/recordings/video relating to Plaintiff's employment. The production was required to include, but was not limited to, the non-disclosure agreement executed by Plaintiff, all documents referenced in Plaintiff's amended complaint such as the relevant portions of her diary, as well as Plaintiff's November complaint to Mr. Knipfing, and any emails and text messages, as well as any other documents relating to Plaintiff's employment. Documents were to be exchanged by all parties regardless of how that party came into possession of the document. The parties were directed to submit a joint status letter on August 15, 2022 setting forth whether the ordered paper discovery was complete. See Scheduling Order dated 07/05/2022.

On July 26, 2022, Defendant sought an extension of time to serve Defendant's document production. DE [58]. Plaintiff opposed that extension. DE [59]. In an order dated July 27, 2022 the Court agreed with Plaintiff and denied the requested extension. The Court noted that discovery deadlines were set during the July 5, 2022 in-person conference during which Defense counsel neither objected to nor indicated that meeting deadlines would be problematic. Accordingly, the request for the extension was held to lack the requisite good cause needed for an extension.

On August 15, 2022 the parties submitted the joint letter contemplated by the July 5, 2022 Order. DE [62]. That letter confirms the parties' compliance with this Court's Employment Protocols. The day after the parties docketed their August 15, 2022 letter the Court entered the next scheduling order in this case. That order, dated August 16, 2022 directed the parties to move forward with depositions. The parties were directed to confer regarding the scheduling of depositions, and it was ordered that Plaintiff be deposed first. All depositions were ordered to be complete by February 28, 2022. See Scheduling Order dated 08/16/2022.

In the meantime, on July 8, 2022, three days after the July 5, 2022 in-person conference and entry of the Court's discovery order, Plaintiff began to file a flurry of motions and letters. The Court rules on the motions below. The letters, which Orrego continues to submit on an almost daily basis, are discussed only where necessary.

Plaintiff's Motions

Before turning to the motions the Court notes that on October 3, 2022, the District Court issued an order referring all pretrial proceedings, including one of the motions decided below (DE [65]), to this Court. That order also referred all past and future dispositive pretrial motions

7

to this Court for purposes of issuing any Report and Recommendation. See Order dated 10/03/2022.

Motion for Default Judgment (DE [57])

Plaintiff filed a motion on July 8, 2022, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, seeking entry of a judgment of default. DE [57]. Defendant responded thereto on August 11, 2022 (DE [61]) and Plaintiff replied on August 17, 2022 (DE [63]).  In light of the fact that this motion seeks default as a discovery sanction, it is not dispositive. Therefore, the Court rules on this motion as an Order of this Court, and not as a Report and Recommendation.

Plaintiff seeks a judgment of default on the ground that Defendants failed to comply with the initial discovery scheduling order entered as DE [42]. Plaintiff refers to the scheduling order appearing as DE [41], however, DE [41] is simply a scheduling order that appears on the docket prior to the substantive - and later vacated - DE [42].

There is no basis for the relief Plaintiff seeks. This is because the motion is based upon alleged non-compliance with a scheduling order that, as clearly noted, was first stayed, and then later vacated by this Court. The stay was entered to afford Plaintiff the opportunity to obtain counsel. To be clear, the order upon which Plaintiff bases this motion for the sanction of default is one that was vacated *upon the request of Plaintiff* on the ground that her then-counsel failed to confer with her prior to submission of this Court's required initial letter. It is, to say the least, ironic that Orrego complains that Defendants failed to comply with an order that she sought to have removed from the docket. Moreover, Defendants have complied with the discovery obligations of this Court, including this Court's Employment Protocols, which supersede and exceed their Rule 26 obligations. Defendants were under no obligation to produce any discovery prior to the July 5, 2022 scheduling order, and have complied with the Order of the Court entered

8

on that day. The motion for the sanction of default, or any other sanction, based upon alleged non-compliance with discovery is denied as without merit and frivolous.

<u>Motion Regarding Confidentiality of Documents (DE [65])</u>

On August 12, 2022, Plaintiff filed a motion challenging Defendants' designation of certain documents as confidential (DE [65]). Defendant responded thereto on August 22, 2022 (DE [66]). Defendants' response sets forth the reasons why the challenged documents should be designated as confidential, and also seeks to have this Court enter an order of confidentiality to govern discovery herein. Plaintiff replied on August 24, 2022 (DE [67]).

Plaintiff's motion challenging the designation of the challenged documents as confidential is denied. First, the Court rejects the argument that because documents were introduced during Plaintiff's workers compensation and state court proceedings they are public and therefore not confidential. Those documents are not available to the general public and their use by Plaintiff in an unrelated forum does not make them non-confidential. The Court also rejects the argument that pictures and recordings are not confidential because they are Plaintiff's property and not those of the Defendants. While pictures and recordings taken by Plaintiff are in her possession, they can only have come into her possession during the course of her now-terminated employment by Defendants. It may ultimately be determined that such pictures and recordings were taken by Plaintiff in general violation of her duties, and in specific violation of the NDA. As such, they may well be evidence of Plaintiff's breach of the NDA. While these documents are therefore within the scope of discovery herein (and may form the basis for an argument that Defendants properly terminated Plaintiff) they are properly designated as confidential at this stage of the proceedings. Indeed, it appears that the challenged documents may depict Defendants' infant children and their home. While the Court makes no finding at this

9

stage as to whether documents consisting of pictures and recordings taken by Plaintiff during the course of her employment violated the NDA, the Court does hold that such documents have been properly designated as confidential during this phase of the litigation. To be clear, the Court is not holding that the documents at issue are outside of the scope of discovery. Indeed, they are certainly within that scope. However, the nature of the documents makes their designation as confidential appropriate.

Because additional private documents may be used during this litigation it is appropriate to enter a confidentiality order at this time. Accordingly, the Court grants defendants' request to enter an order of confidentiality to govern discovery herein. The Court has reviewed and hereby approves entry of the confidentiality order submitted by Defendants. Accordingly, the Court hereby orders the entry of that order, appearing as DE [66-1] herein. Defendant is directed to provide a copy of the order to Plaintiff. Plaintiff is directed to review that order and to abide by the terms therein.

<u>Motion for Discovery Prior to Plaintiff's Deposition and Extension of Fact Discovery</u>

As noted above, this Court entered a Scheduling Order on August 16, 2022 which, <u>inter alia</u>, directed that depositions be complete by February 28, 2023. Plaintiff has sought leave to conduct additional discovery prior to her deposition. In light of the fact that Plaintiff has now been deposed this request is denied as moot. As discussed below, the Court is presently considering Defendants' request that Plaintiff sit for a second day of deposition. Discovery will be extended, if necessary, to accommodate any further order on this issue.

<u>Motions and Letters Appearing at DE [69], [70], [74] and [80]</u>

In these motions Plaintiff seeks sanctions and injunctive relief. The injunctive relief motions appear as DE [70] and [74]. These motions seek to prevent the taking of Plaintiff's

deposition until she receives additional documents.³ They also seek a ruling on Plaintiff's now-denied motion for default. In light of the facts that Plaintiff has already been at least partially deposed and this Court is considering the request for a second day of testimony, the motion for injunctive relief asking that Plaintiff not appear for her deposition (DE [70]) is denied as moot. The motion appearing as DE [74] (which seeks a court ruling as to DE [57] decided above) is also denied as moot.

The motions appearing at DE [69], [74] and [80] ostensibly seek to report "additional" instances of misconduct on the part of Defendants and their counsel, and seek the imposition of sanctions for having engaged in such conduct. Among other things, Plaintiff makes unsupported accusations that Defendants are acting to deprive her of her Constitutional rights and are engaged in fraud, misconduct, tampering with evidence and racketeering activities. Plaintiff appears to argue that Defense Counsel is under some obligation to inform the Court of related actions (including her Workers Compensation case and what appears to be a civil case pending in Queens County) regarding counsel's engagement in acts of racketeering. DE [69]. Orrego makes repeated reference to allegations of fraud in her Workers Compensation case and the filing of complaints with state agencies. DE [69]. She states that these complaints support the "racketeering activities" of Defendants and their counsel. She requests that sanctions be imposed against counsel "whose intentional actions have obstructed the effective administration of the EDNY Court's business and justice since October 6, 2020." DE [69]; see also DE [74].

Plaintiff's accusations appearing in the motions docketed under DE [69], [74] and [80] and the allegations contained in Plaintiff's letters are unsupported and nonsensical. They have no place in this case. Plaintiff certainly has the right to properly litigate this case, but she may not

---

³     DE [74] also seeks the imposition of sanctions and is ruled upon separately herein.

11

use it as a vehicle to make personal and unsupported attacks of criminal behavior. To the extent these motions and Plaintiff's various letters seek any type of relief - and it is not clear that they do - they are denied. Plaintiff is cautioned that the continued filing of wholly unsupported motions may subject her to the imposition of sanctions for engaging in frivolous litigation conduct.

Motions for Declaratory Judgment (DE [73])

This is a motion for a declaratory judgment. It seeks entry of a final judgment on the merits in favor of Plaintiff. Because it is dispositive the Court rules on this motion in the form of a Report and Recommendation. Plaintiff seeks entry of final judgment on her causes of action. In light of the fact that discovery is ongoing, and Plaintiff cannot support her claims to prevail on the merits, it is respectfully recommended that Plaintiff's motion be denied.

Motion to Change Venue to Brooklyn Courthouse (DE [77])

Plaintiff addresses this motion to the Chief Judge of the Eastern District of New York. The assigned District Judge is, however, the Honorable Gary R. Brown and the assigned Magistrate Judge is the undersigned. Accordingly, as communicated to Plaintiff by the Chief Judge, Plaintiff's motions are appropriately made only to the assigned District and Magistrate Judges. DE [86] at 3. The Court construes the motion as made to the District Judge, and rules on it as a Report and Recommendation.

This motion seeks to transfer this case to a Judge in the Brooklyn Courthouse. The motion is recommended to be denied as untimely and without merit. This case was properly designated as a Long Island case. Not only has the time in which to seek to change that designation elapsed, Plaintiff sets forth no basis for the requested change of venue. It is respectfully recommended that the assigned District Judge deny the motion.

Motion and Response Regarding Plaintiff's Deposition (DE [80 -81])

As noted above, Plaintiff makes numerous unsupported attacks regarding the alleged unlawful activities of Defendants and their counsel. The Court has already ruled on these. The motion appearing as DE [80] and Defendant's response thereto appearing as DE [81] refer more specifically to Plaintiff's deposition.

To the extent the motion seeks some sort of sanction for conduct that took place during her deposition, the Court denies the motion as unsupported. In response to the motion Defense counsel notes that Plaintiff was not actually deposed for the full seven hours to which he was entitled. He relies on the time stated to have been recorded by the Court reporter, as well as the fact that the presence of an interpreter significantly cut down on the time of actual questioning.

In order to properly review this request the Court directs Defendants to provide a complete copy of Plaintiff's February 27, 2023 deposition transcript for the Court's review. The transcript must be emailed to shields_chambers@nyed.uscourts.gov by 5:00 PM on Friday, March 10, 2023. Upon review thereof the Court will decide whether and how much additional time should be afforded for additional questioning of Plaintiff. Accordingly, the motion for additional time in which to depose Plaintiff is denied at this time, without prejudice to renew upon providing the Court with the transcript of the first day of Plaintiff's deposition.

Plaintiff's Written Questions

On February 27, 2023 Plaintiff served Defendants with written deposition questions pursuant to Rule 31 of the Federal Rules of Civil Procedure. Although Defendants have preserved their right to object to those questions, they do not object to responding thereto. Discovery is extended at this time to require Defendants to respond to Plaintiff's written questions by April 7, 2023.

Motion by Limited Scope Counsel to Withdraw (DE 79)

There is pending a request from limited scope counsel to be relieved in this matter on the ground that counsel represented Plaintiff only for the purpose of representing her at deposition. In light of the fact that Plaintiff's deposition may not yet be complete, the Court denies the request to be relieved at this time, without prejudice to renewal. Limited scope counsel may chose to continue to represent Plaintiff at any continued deposition, or not. Counsel may renew this motion to be relieved upon review of this Order and any subsequent order entered with respect to Defendants' request for additional time in which to depose Plaintiff. It is certainly within their discretion to decide whether or not to consider to represent Plaintiff at any continued deposition.

## CONCLUSION

Plaintiff's motions appearing at DE [57], [65], [69], [70], [74] and [80] are denied by Order of this Court. The proposed confidentiality order appearing as DE [66-1] is So Ordered.

It is respectfully recommended that Plaintiff's motions for a declaratory judgment in her favor, appearing as DE [73], and the motion to change venue to the Brooklyn Courthouse, appearing as DE [77], be denied.

Defendants' motion for additional time in which to depose Plaintiff, appearing as DE [81], is denied without prejudice to renew upon providing the Court with the transcript of Plaintiff's deposition.

Limited Scope Counsel's motion appearing as DE [79] is denied without prejudice to renew in accord with this Order.

OBJECTIONS

A copy of this Order and Report and Recommendation is being provided to all counsel and Plaintiff via ECF. Any written objections to the Report and Recommendation portion, namely this Court's recommendation that Plaintiff's motions for a declaratory judgment in her favor, appearing as DE [73], and the motion to change venue to the Brooklyn Courthouse, appearing as DE [77], be denied, must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated:  Central Islip, New York
        March 9, 2023

                                                              /s/ Anne Y. Shields
                                                              ANNE Y. SHIELDS
                                                              United States Magistrate Judge