UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
LIDIA M. ORREGO,

                              **MEMORANDUM AND ORDER**
                              20-CV-3361-SJB-AYS

                  Plaintiff,

    -against-

KEVIN KNIPFING, *Employer, also known as Kevin James*; STEPHANIEANNA JAMES-KNIPFING, *Employer, also known as Steffiana de la Cruz*; OLD WESTBURY EDDIE LLC, *Company/Payroll owner Kevin Knipfing*; OLD WESTBURY LLC, *Unknown Entity under registration in NY State*; STEVE SAVITSKY, *Business Manager, Old Westbury LLC;* and TERESA A. ZANTUA,

                  Defendants.
-----------------------------------x

**BULSARA, United States District Judge:**

    *Pro se* Plaintiff Lidia M. Orrego ("Plaintiff") has moved to lift the stay in this case and reinstate nine administratively terminated motions. (Pl.'s Mot. to Lift Stays & Reinstate Mots. dated Feb. 6, 2025, Dkt. No. 186). The motion to life the stay is granted. The motion to reinstate Plaintiff's prior motions is denied.

    The Court has reviewed the prior motions that Plaintiff wishes to reinstate, specifically Dkt. Nos. 147, 148, 149, 150, 151, 153, 154, 163, and 172, and finds them to be without merit. Dkt. Nos. 147, 148, 149, 150, and 151 are motions directed to Judge Azrack's July 11, 2023 Order denying reconsideration of prior Orders in this case issued by Judge Brown and Judge Shields; Dkt. No. 153 is a motion directed to Judge Azrack's July 20, 2023 Order denying Plaintiff's objections to prior Orders in this case issued by

Judge Shields; and Dkt. No. 163 is a motion directed to Judge Azrack's July 28, 2023 Order denying Plaintiff's motion for a certificate of appealability. The validity of each of these Orders was decided by Judge Azrack. That is, she already denied reconsideration, and there is no such thing as a reconsideration of a denial of reconsideration. (And the motion denying the certificate of appealability is moot, since Plaintiff has already gone to the Court of Appeals, which dismissed her appeal).

The Court has also independently reviewed these motions and finds no meritorious reason within for vacating any of the July 2023 Orders issued by Judge Azrack. The Court also notes that the validity of the July 11, 2023 Order and July 20, 2023 Order was the subject of one of Plaintiff's interlocutory appeals to the Second Circuit, which was dismissed on February 13, 2024. (Mandate of USCA 23-1114 dated Feb. 13, 2024, Dkt. No. 180). To the extent Plaintiff wishes to challenge these Orders, she must wait until the conclusion of this case and the entry of judgment, and then make any argument to the Court of Appeals. Said differently, these Orders are no longer challengeable in the context of the present litigation, and the case must proceed to conclusion before further challenges are brought before the Court of Appeals.

Another motion, Dkt. No. 154, seeks an award of sanctions and entry of contempt against one Defendant, but the basis for this relief is not any litigation conduct engaged in by this Defendant. Rather, the motion seeks premature victory on the merits of Plaintiff's claim. Since the merits of the claim are still to be decided, there is no basis to award sanctions or enter a contempt order.

Lastly, Dkt. No. 172 seeks reconsideration of Judge Azrack's October 6, 2023 Order denying Plaintiff's motion for a preliminary injunction and/or temporary restraining order. A motion for preliminary injunction must satisfy the standards set forth in Fed. R. Civ. P. 65 and a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff's motion fails to satisfy these standards, and is therefore without merit.

The parties are directed to meet and confer and submit a proposed schedule for completion of discovery to Judge Shields by March 17, 2025.

SO ORDERED.

*/s/ Sanket J. Bulsara* March 3, 2025
SANKET J. BULSARA
United States District Judge

Central Islip, New York