132

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Lidia M. Orrego

          Plaintiff,

   -against-


Kevin Knipfing a/k/a Kevin James,
Stephanieanna James-Knipfing  a/k/a Steffiana
de la Cruz, Old Westbury EDDIE LLC,
Old Westbury, LLC, Steve Savitsky,
Teresa A. Zantua

          Defendant(s).
--------------------------------------------------------X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 03 2025   ★

LONG ISLAND OFFICE
**D. Judge Sanket J. Bulsara**


**Case No. 20cv3361 (SJB)(AYS)**


**RECEIVED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 03 2025   ★

LONG ISLAND OFFICE


**MEMORANDUM OF LAW IN OPPOSTION DEFENDANTS' MOTION FOR**

**SUMMARY JUDGMENT**


Date: August 12, 2025
     Rego Park, New York

*/s/ Lidia M. Orrego*
Lidia M. Orrego
Plaintiff Pro Se
95-08 Queens Blvd Apart 3E
Rego Park, NY, 11374
Phone (347) 4532234
Email: liorrego@gmail.com
lidia.orrego@justiceforlidia.nyc

1

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................ 2

III. LEGAL STANDARD ...................................................................................... 5

IV. ARGUMENT ..................................................................................................... 6

A. Genuine Issues of Material Fact Preclude Summary Judgment on Hostile Work Environment

Claims Under § 1981 and NYSHRL .............................................................. 6

Plaintiff's Membership in a Protected Class ................................................. 6

Severe or Pervasive Harassment Based on Race/National Origin ......................................... 7

Harassment Imputable to Defendants ............................................................. 9

B. Genuine Issues of Material Fact Preclude Summary Judgment on Retaliation Claims Under §

1981 and NYSHRL ...................................................................................... 11

Protected Activity ....................................................................................... 11

Adverse Employment Actions ...................................................................... 12

Causal Connection and Pretext ................................................................... 13

C. Defendants' Discovery Misconduct Warrants Denial

of Their Motion and Sanctions ................................................................. 16

Failure to Disclose Critical Evidence ......................................................... 16

Evasive Deposition Responses and Forged Signatures ................................ 18

Appropriate Sanctions Under FRCP 37 ...................................................... 19

D. Plaintiff's Damages and Undisputed Facts Necessitate Denial of

Defendants' Motion ................................................................................... 20

V. CONCLUSION ................................................................................................. 22

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ......................................................................... 5

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...................................................... 5

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) ............................ 11

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ........................................................... 5

Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015) ................................... 6

Orrego v. Knipfing, 564 F. Supp. 3d 273 (E.D.N.Y. 2021) ...................................... 9

Vance v. Ball State Univ., 570 U.S. 421 (2013) ......................................................... 6

**Statutes**

42 U.S.C. § 1981 ...................................................................................................... 1, 6

New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq. .................. 1, 6

28 U.S.C. § 1746 ....................................................................................................... 20

**Rules**

Federal Rules of Civil Procedure 26, 30, 31, 37 ...................................................... 16

Federal Rules of Civil Procedure 56 ........................................................................... 5

Local Civil Rule 56.1 .................................................................................................... 5

## I. INTRODUCTION

Plaintiff Lidia M. Orrego, a Hispanic woman of Paraguayan descent, respectfully submits this Memorandum of Law in opposition to Defendants' Motion for Summary Judgment on her claims of hostile work environment and retaliation under 42 U.S.C. § 1981 and the New York State Human Rights Law (NYSHRL) against Defendants Kevin Knipfing, Stephanieanna James-Knipfing, Old Westbury Eddie LLC, Old Westbury LLC, and Teresa A. Zantua.

Defendants' motion must be denied because there are genuine issues of material fact regarding the pervasive racial harassment Plaintiff endured from her supervisor, Zantua, including derogatory remarks like "stupid Paraguayan" and "Mexicans disgusting," which created an abusive work environment. After Plaintiff complained about this discrimination—protected activity under the law—she was demoted and terminated, with Defendants relying on pretextual reasons, including a fraudulent termination letter from the unregistered entity Old Westbury LLC.

The undisputed facts, supported by authenticated attachments (Attachments 1–41 to Plaintiff's Affirmation dated September 12, 2025), and Plaintiff's Local Rule 56.1 Counterstatement of Material Facts demonstrate that summary judgment for Defendants is unwarranted. Plaintiff's November 2, 2018 complaint email, co-drafted with Rebecca Uzcategui, reported racial discrimination, harassment, and child mistreatment. Defendants' concealment of Uzcategui's corroborating report, evasive discovery responses, and forged deposition signatures evidence bad faith and pretext, creating further disputes of fact.

Plaintiff opposes Defendants' motion in full, seeks sanctions under FRCP 37 for their discovery misconduct, and requests damages of $1,501,090 for physical/emotional injuries and financial losses, as detailed herein and compliant with Judge Bulsara's Individual Practices.

## II. STATEMENT OF FACTS

Plaintiff, a Hispanic woman of Paraguayan origin, worked as a nanny and housekeeper for Defendants Knipfing and James-Knipfing from January 31 to November 27, 2018, at their Old Westbury, NY home. Attachment 9 (Timesheet from Employer "APP" – January through November 2018 Employment with the Knipfings); Attachment 4 (Text from Skylar Testa – Confirmation of Background Check, dated February 15, 2018). Zantua, James-Knipfing's sister, supervised Plaintiff, directing tasks like taking photos/videos of the Knipfings' children. Attachment 8 (Mistreatment Report to House Manager, dated October 16, 2018); Attachment 13 (Texts with Zantua – Racial Remarks and Harassment). Throughout 2018, Zantua subjected Plaintiff to racial harassment, calling her "stupid Paraguayan" and "Mexicans disgusting," and mocking her accent. Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination); Attachment 14 (Final Assault in Presence of Zantua – Transcript by Transaption, dated October 23, 2018).

Zantua encouraged the Knipfings' children and staff to mock Plaintiff's accent and forbid Spanish, creating an abusive environment. Attachment 15 (Authorized Video Recording with Kevin Knipfing and Daughter – Dated October 23, 2018, between 6:00–12:00 p.m.); Attachment 14 (Final Assault in Presence of Zantua – Transcript by Transaption, dated October 23, 2018). The Knipfings knew of Zantua's harassment but took no corrective action, despite Plaintiff's complaints. Attachment 17 (Return-to-Work Recording Following Complaint – Meeting with Kevin Knipfing – Retaliation, NDA, and Termination Disguised as Suspension, dated November 6, 2018); Attachment 20 (Court Decision by Judge Gary R. Brown – EDNY Docket No. 20-cv-3361, dated September 30, 2021). Plaintiff engaged in protected activity by reporting Zantua's abuse to house manager Skylar Testa on October 16, 2018, and via email on November 2, 2018.

Attachment 8 (Mistreatment Report to House Manager, dated October 16, 2018); Attachment 16 (Text from Ms. Knipfing After Complaint – Hostile Work Environment and Retaliatory Treatment, dated November 2, 2018). The email, co-drafted with Uzcategui, detailed discrimination, harassment, and child mistreatment (e.g., Zantua's verbal abuse). Attachment 10 (Meeting Between Rebeca Uzcategui and Lidia Orrego – Transcript by Transaption, dated October 14, 2018).

On August 15, 2018, after prior complaints, Plaintiff was demoted from nanny to housekeeper. Attachment 17 (Return-to-Work Recording Following Complaint – Meeting with Kevin Knipfing – Retaliation, NDA, and Termination Disguised as Suspension, dated November 6, 2018). On November 27, 2018, 25 days after the email, Defendants terminated Plaintiff via a fraudulent letter from "Old Westbury LLC," citing pretextual reasons: (1) NDA breach for authorized recordings/photos, (2) unwillingness to work with Uzcategui, and (3) false statements. Attachment 41 (Retaliatory Termination Letter Mailed to Steve Savitsky – Old Westbury LLC, dated November 27, 2018). Old Westbury LLC is an unregistered entity, rendering the letter invalid. See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 103-114. Uzcategui's report (November 21, 2018) confirmed Plaintiff's allegations, but Defendants concealed it. Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination); Attachment 18 (Interview with Investigators – Transcript by Transaption, dated November 12, 2018).

Defendants' counsel disparaged Plaintiff as a "mentally disturbing woman" during a January 30, 2025 appeal (2021-09209), targeting her Hispanic pro se status. Attachment 37 (Motion to Vacate – Appellate Docket No. 2021-09209 – Orrego v. Knipfing, dated September 4, 2025). Plaintiff suffered occupational diseases (e.g., wrist, back, PTSD) from harassment,

exacerbated by falsified WCB reports, confirmed fraudulent by NYS AG James. Attachment 22 (Medical Records Documenting Injuries – Dated Since June 3, 2018); Attachment 25 (WCB Decision G-2584330 – MRI Accepted as Prima Facie Evidence, dated November 5, 2019); Attachment 32 (IME Case – Hochfelder v. NYS WCB – AG Letitia James Confirms IME Fraud, disposed January 21, 2025). Defendants violated NYLL by withholding wages ($408,000), overtime, and sick leave. Attachment 27 (Demand Letter for Payment and Request to Reopen WCB Case No. G2584330, dated July 7, 2025). Defendants' discovery misconduct, including evasive depositions and forged signatures, violates FRCP Rules 26, 30, 31, and 37, as detailed in Certificates of Good Faith (November 13, 2023). Attachment 28 (Motion to Disqualify Opposing Counsel – Gordon Rees Scully Mansukhani LLP, EDNY Docket No. 20-cv-3361, dated March 13, 2025 (DE [190])).

## III. LEGAL STANDARD

Summary judgment should be denied when genuine disputes of material fact exist, or the movant is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The court must view facts in the light most favorable to the non-movant, and deny the motion if disputed facts could lead a reasonable jury to find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For § 1981 and NYSHRL claims, Defendants must show no genuine issues regarding hostile work environment or retaliation. Littlejohn v. City of New York, 795 F.3d 297, 315 (2d Cir. 2015). Local Rule 56.1 requires responses to statements of undisputed facts with citations to admissible evidence, as provided in Plaintiff's Counterstatement. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## IV. ARGUMENT

### A.  Genuine Issues of Material Fact Preclude Summary Judgment on Hostile Work Environment Claims Under § 1981 and NYSHRL

To defeat a hostile work environment claim on summary judgment, Defendants must show no genuine disputes as to: (1) membership in a protected class; (2) severe or pervasive harassment based on that class; (3) harassment imputable to the employer; and (4) subjective perception of an abusive environment. Vance v. Ball State Univ., 570 U.S. 421, 424 (2013); Littlejohn, 795 F.3d at 315. Genuine disputes exist on all elements, precluding summary judgment.

### Plaintiff's Membership in a Protected Class

Plaintiff, a Hispanic woman of Paraguayan descent, is a member of a protected class under § 1981 (race) and NYSHRL (race/national origin). Attachment 1 (Amended Complaint, dated August 17, 2020, EDNY Docket No. 20-cv-3361); Attachment 3 (Knipfing Employment Text Messages and Hiring Process – NDA Never Received). Defendants do not meaningfully dispute this, and Zantua's slurs (e.g., "stupid Paraguayan," "Mexicans disgusting") targeted Plaintiff's race and national origin, creating factual disputes. Attachment 13 (Texts with Zantua – Racial Remarks and Harassment). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 1, 107.

### Severe or Pervasive Harassment Based on Race/National Origin

Genuine disputes exist regarding Zantua's severe and pervasive harassment throughout Plaintiff's employment (January–November 2018). She repeatedly called Plaintiff "stupid Paraguayan" for perceived work errors and "Mexicans disgusting" during a carwash incident, ordering Plaintiff to pay workers due to their ethnicity. Attachment 13 (Texts with Zantua – Racial Remarks and Harassment); Attachment 14 (Final Assault in Presence of Zantua – Transcript by Transaption, dated October 23, 2018). On June 16, 2018, after a child injured Plaintiff's wrist,

Zantua remarked, "You Mexicans eat a lot of corn, that's why your bones are useless," linking Plaintiff's injury to racial stereotypes. Attachment 22 (Medical Records Documenting Injuries – Dated Since June 3, 2018); Attachment 21 (Affidavit Signed by Mrs. Manuela Orrego – Witness to Mistreatment by Zantua, dated June 20, 2021).

Zantua encouraged the Knipfings' children and staff to mock Plaintiff's accent and forbid Spanish, creating a daily abusive environment. Attachment 15 (Authorized Video Recording with Kevin Knipfing and Daughter – Dated October 23, 2018, between 6:00–12:00 p.m.); Attachment 10 (Meeting Between Rebeca Uzcategui and Lidia Orrego – Transcript by Transaption, dated October 14, 2018). Physical assaults, such as the October 23, 2018 incident witnessed by Zantua, compounded the hostility. Attachment 14 (Final Assault in Presence of Zantua – Transcript by Transaption, dated October 23, 2018). Uzcategui's report confirms 70 facts of racial and emotional abuse. Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination). These disputes as to pervasiveness alter Plaintiff's work conditions, meeting the severe-or-pervasive standard and precluding summary judgment. Littlejohn, 795 F.3d at 321 (frequent racial comments sufficient). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 1(a)–(f), 107.

### Harassment Imputable to Defendants

Genuine issues exist as to whether Zantua's harassment is imputable to Defendants, given her supervisory role (directing Plaintiff's tasks), making the Knipfings and Old Westbury Eddie LLC vicariously liable. Vance, 570 U.S. at 428. The Knipfings knew of Zantua's conduct through Plaintiff's complaints (e.g., October 16, 2018 to Testa; November 2, 2018 email) but took no corrective action. Attachment 8 (Mistreatment Report to House Manager, dated October 16, 2018); Attachment 16 (Text from Ms. Knipfing After Complaint – Hostile Work Environment and

Retaliatory Treatment, dated November 2, 2018); Attachment 20 (Court Decision by Judge Gary R. Brown – EDNY Docket No. 20-cv-3361, dated September 30, 2021). Defendants' failure to investigate or discipline Zantua, despite Uzcategui's corroborating report, confirms negligence and creates disputes. Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination); Orrego v. Knipfing, 564 F. Supp. 3d 273, 285 (E.D.N.Y. 2021). No corrective opportunities were provided, and Plaintiff's complaints were met with demotion and termination, raising factual questions. Attachment 17 (Return-to-Work Recording Following Complaint – Meeting with Kevin Knipfing – Retaliation, NDA, and Termination Disguised as Suspension, dated November 6, 2018); Attachment 41 (Retaliatory Termination Letter Mailed to Steve Savitsky – Old Westbury LLC, dated November 27, 2018). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 1, 103-114.

## B.    Genuine Issues of Material Fact Preclude Summary Judgment on Retaliation Claims Under § 1981 and NYSHRL

To obtain summary judgment on retaliation, Defendants must show no disputes as to: (1) protected activity; (2) adverse employment action; and (3) a causal connection. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006); Littlejohn, 795 F.3d at 315. Genuine disputes exist on all elements.

### PProtected Activity

Plaintiff engaged in protected activity by complaining about Zantua's racial discrimination to Testa on October 16, 2018, and via the November 2, 2018 email to the Knipfings and Testa, co-drafted with Uzcategui. Attachment 8 (Mistreatment Report to House Manager, dated October 16, 2018); Attachment 16 (Text from Ms. Knipfing After Complaint – Hostile Work Environment and Retaliatory Treatment, dated November 2, 2018). The email detailed Zantua's slurs, harassment,

and child mistreatment, constituting opposition to unlawful practices under § 1981 and NYSHRL. Attachment 10 (Meeting Between Rebeca Uzcategui and Lidia Orrego – Transcript by Transaption, dated October 14, 2018); Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination). Plaintiff's prior verbal reports to the Knipfings further qualify as protected activity, creating disputes. Attachment 17 (Return-to-Work Recording Following Complaint – Meeting with Kevin Knipfing – Retaliation, NDA, and Termination Disguised as Suspension, dated November 6, 2018). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 1, 104.

## Adverse Employment Actions

Plaintiff suffered two adverse actions: (1) demotion from nanny to housekeeper on August 15, 2018, following earlier complaints, reducing her responsibilities and status; and (2) termination on November 27, 2018, 25 days after the email. Attachment 17 (Return-to-Work Recording Following Complaint – Meeting with Kevin Knipfing – Retaliation, NDA, and Termination Disguised as Suspension, dated November 6, 2018); Attachment 41 (Retaliatory Termination Letter Mailed to Steve Savitsky – Old Westbury LLC, dated November 27, 2018). Both actions materially altered Plaintiff's employment conditions, meeting the retaliation standard and raising factual issues. Burlington, 548 U.S. at 68 (materially adverse actions include demotion, termination). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 103-114.

## Causal Connection and Pretext

The close temporal proximity between Plaintiff's complaints (August and November 2018) and adverse actions (demotion and termination) establishes causation and creates disputes. Littlejohn, 795 F.3d at 319 (temporal proximity of weeks sufficient). The termination letter's pretextual reasons—NDA breach, unwillingness to work with Uzcategui, and false statements—

11

further prove retaliation and preclude summary judgment. Attachment 41 (Retaliatory Termination Letter Mailed to Steve Savitsky – Old Westbury LLC, dated November 27, 2018).

· NDA Breach: Plaintiff's photos (821) and videos (172) were authorized by Zantua and the Knipfings (e.g., dentist visits, birthdays). Attachment 6 (Texts with Stephanieanna Knipfing – Awareness of Photo-Taking); Attachment 12 (Photographs from January through November 2018 – Authorized by Employers); Attachment 3 (Knipfing Employment Text Messages and Hiring Process – NDA Never Received). NDAs were void or backdated (e.g., November 1/6, 2018 versions). Attachment 17 (Return-to-Work Recording Following Complaint – Meeting with Kevin Knipfing – Retaliation, NDA, and Termination Disguised as Suspension, dated November 6, 2018). Prior employees took photos without repercussions. Attachment 3 (Knipfing Employment Text Messages and Hiring Process – NDA Never Received).

· Unwillingness to Work with Uzcategui: The email focused on Zantua's harassment, not Uzcategui, and Uzcategui's report supported Plaintiff. Attachment 10 (Meeting Between Rebeca Uzcategui and Lidia Orrego – Transcript by Transaption, dated October 14, 2018); Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination).

· False Statements: Defendants falsely claimed Plaintiff reported child abuse and retracted it, but the email and recordings show no retraction, focusing on discrimination. Attachment 19 (Email Submission of Audio Files for Investigation to Kevin Knipfing – Transcript by Transaption, dated November 16, 2018); Attachment 11 (FOIL CPS Certification – Unredacted Report, dated May 19, 2025, after three-year legal effort in EDNY Docket No. 20-cv-3361).

Defendants' concealment of Uzcategui's report and Old Westbury LLC's unregistered status confirms pretext, as does their counsel's disparagement, creating triable issues. Attachment

2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination); Attachment 37 (Motion to Vacate – Appellate Docket No. 2021-09209 – Orrego v. Knipfing, dated September 4, 2025). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 1, 104-111.

### C. Defendants' Discovery Misconduct Warrants Denial of Their Motion and Sanctions

Defendants' refusal to engage in discovery violates FRCP Rules 26, 30, 31, and 37, warranting denial of their motion and sanctions. Certificates of Good Faith (November 13, 2023) detail these failures. Attachment 28 (Motion to Disqualify Opposing Counsel – Gordon Rees Scully Mansukhani LLP, EDNY Docket No. 20-cv-3361, dated March 13, 2025 (DE [190])).

### Failure to Disclose Critical Evidence

Defendants withheld Rydan Security reports confirming Plaintiff's allegations, including Zantua's racial slurs and child mistreatment. Attachment 2 (Rebeca Uzcategui Investigation Report, dated November 21, 2018; disclosed August 1, 2022 – Confirmed Abuse and Discrimination); Attachment 18 (Interview with Investigators – Transcript by Transaption, dated November 12, 2018). They also failed to produce employment records for Old Westbury LLC, an unregistered entity, despite Kevin Knipfing's control over such information. Attachment 41 (Retaliatory Termination Letter Mailed to Steve Savitsky – Old Westbury LLC, dated November 27, 2018). This violates FRCP 26(a)(1) (initial disclosures) and 37(c)(1) (sanctions for non-disclosure), prejudicing Plaintiff and precluding summary judgment. See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 1, 164.

**Evasive Deposition Responses and Forged Signatures**

Defendants' April 5, 2023 written deposition responses (DE [84]) were evasive, with non-specific objections to every question, despite agreeing to respond. Attachment 35 (Table of Evidence – Orrego_Evidence_20cv3361 PLA000001 to PLA008324). For example, Zantua denied reviewing Plaintiff's evidence (e.g., recordings) before answering, undermining credibility. Forged signatures in deposition documents further evidence bad faith. Attachment 35 (Table of Evidence – Orrego_Evidence_20cv3361 PLA000001 to PLA008324). These issues create disputes and warrant denial. See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 171-178.

**Appropriate Sanctions Under FRCP 37**

Plaintiff requests sanctions under FRCP 37(a)(2), including: (1) establishing Plaintiff's allegations as true; (2) prohibiting Defendants from opposing retaliation claims; or (3) rendering default judgment. Defendants' violations prejudiced Plaintiff, delaying justice and escalating damages, requiring denial of their motion. Attachment 30 (Renewed Motion for Declaratory Relief – Retaliation and WCB Fraud, EDNY Docket No. 20-cv-3361, dated June 30, 2025 (DE [199])); Attachment 31 (Letter Motion to Vacate Orders – Fraud and Due Process Violations, EDNY Docket No. 20-cv-3361, dated July 8, 2025 (DE [203])).

**D. Plaintiff's Damages and Undisputed Facts Necessitate Denial of Defendants' Motion**

**Genuine disputes regarding Plaintiff's damages of $1,501,090 preclude summary judgment:**

· Physical/Emotional Injuries: Occupational diseases (wrist, back, neck, PTSD) from harassment, confirmed by WCB, worsened by falsified IME reports. Attachment 22 (Medical Records Documenting Injuries – Dated Since June 3, 2018); Attachment 25 (WCB Decision G-2584330 – MRI Accepted as Prima Facie Evidence, dated November 5, 2019); Attachment 32

(IME Case – Hochfelder v. NYS WCB – AG Letitia James Confirms IME Fraud, disposed January 21, 2025).

· Financial Losses: Unpaid wages ($408,000 for 340 weeks), overtime (77–88 hours/week), sick leave (326 hours, $1,200), and WCB benefits, violating NYLL. Attachment 27 (Demand Letter for Payment and Request to Reopen WCB Case No. G2584330, dated July 7, 2025); Attachment 5 (Text from Stephanieanna Knipfing Regarding Salary, dated February 16, 2018).

· Ongoing Harm: Defendants' counsel's disparagement and discovery misconduct increased emotional distress. Attachment 37 (Motion to Vacate – Appellate Docket No. 2021-09209 – Orrego v. Knipfing, dated September 4, 2025); Attachment 28 (Motion to Disqualify Opposing Counsel – Gordon Rees Scully Mansukhani LLP, EDNY Docket No. 20-cv-3361, dated March 13, 2025 (DE [190])).

The affirmation of authentication confirms evidence authenticity under 28 U.S.C. § 1746, supporting denial for these disputed damages. Attachment 26 (Affirmation by Ximena Espinoza, dated September 6, 2025). See Plaintiff's Local Rule 56.1 Counterstatement ¶¶ 118-131.

### V. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment on her hostile work environment and retaliation claims under § 1981 and NYSHRL, award damages of $1,501,090, and impose FRCP 37 sanctions against Defendants. The genuine disputes of material fact, authenticated by Attachments 1–41, establish that summary judgment is unwarranted and highlight Defendants' bad faith. Plaintiff further requests leave to file a Second Amended Complaint to update damages and claims, as noted in the 56.1 Counterstatement.

**Certification of Word Count**

Pursuant to the applicable Local Civil Rules and/or the Individual Practices of the Court, I certify that the attached memorandum contains **3103 words**, excluding the case caption, table of contents, table of authorities, and certificates, as counted by Microsoft Word.

Respectfully submitted,

Date: September 9, 2025
Rego Park, New York

*/s/ Lidia M. Orrego*
Lidia M. Orrego
Plaintiff Pro Se
95-08 Queens Blvd Apart 3E
Rego Park, NY, 11374
Phone (347) 4532234
Email: liorrego@gmail.com
lidia.orrego@justiceforlidia.nyc