F I L E D
IN CLERK'S OFFICE    117
U.S. DISTRICT COURT E.D.N.Y.

★    OCT 06 2025    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Lidia M. Orrego

        Plaintiff,

   -against-

                                **Case No. 20cv3361 (SJB)(AYS)**

Kevin Knipfing a/k/a Kevin James,
Stephanieanna James-Knipfing  a/k/a Steffiana
de la Cruz, Old Westbury EDDIE LLC,
Old Westbury, LLC, Steve Savitsky,
Teresa A. Zantua

            Defendant(s).
---------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Date: August 8, 2025
     Rego Park, New York

*/s/ Lidia M. Orrego*
Lidia M. Orrego
Plaintiff Pro Se
95-08 Queens Blvd Apt 3E
Rego Park, NY, 11374
Phone (347) 4532234
Email: liorrego@gmail.com
lidia.orrego@justiceforlidia.nyc

118

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 5

II. STATEMENT OF FACTS ..............................................................................6

III. LEGAL STANDARD ................................................................................... 8

IV. DEFENDANTS' CONCEALMENT OF EVIDENCE
AND ONGOING RETALIATION FURTHER SUPPORT
SUMMARY JUDGMENT………………………………………………..9

V. ARGUMENT .................................................................................................. 10

A. Plaintiff Establishes a Hostile Work Environment Under § 1981 and NYSHRL .............10

1. Protected Characteristic and Unwelcome Conduct ................................................10

2. Severe or Pervasive Harassment ................................................................11

3. Subjective and Objective Hostility .............................................................12

4. Imputable to Defendants ........................................................................12

B. Plaintiff Establishes Retaliation Under § 1981 and NYSHRL .........................................12

1. Protected Activity ............................................................................13

2. Adverse Employment Actions ..................................................................13

3. Causal Connection and Pretext ................................................................. 13

C. Defendants' Discovery Misconduct Warrants Sanctions ................................................. 14

1. Failure to Disclose Critical Evidence ......................................................... 14

2. Evasive Deposition Responses and Forged Signatures ....................................... 14

3. Appropriate Sanctions Under FRCP 37 ........................................................15

D. Plaintiff's Damages Necessitate Summary Judgment

and Second Amended Complaint.................................................................. 15

VI. CONCLUSION .............................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 8

*Bermudez v. City of New York*, 783 F. Supp. 2d 560 (S.D.N.Y. 2011) ................................10, 12

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) ...............................................12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................ 8

*Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135 (2d Cir. 2012) .................................................14

*Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018) ...........................................................8

*Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004) ................................................................... 11

*Guzman v. City of New York*, 93 F. Supp. 3d 248 (S.D.N.Y. 2015) ...........................................11

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) ..........................................................................8

*Kwan v. Andalex Grp. LLC*, 737 F.3d 834 (2d Cir. 2013) ......................................................... 16

*Lamarr-Arruz v. CVS Pharmacy, Inc.*, 271 F. Supp. 3d 646 (E.D.N.Y. 2017) ..........................11

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) ...............................................8, 10

*Monroe v. City of New York*, No. 16-CV-6100-AYS (E.D.N.Y. 2020) ...................................... 10

*Orrego v. Knipfing*, 564 F. Supp. 3d 273 (E.D.N.Y. 2021) ....................................................... 12

*Ottley-Cousin v. MMC Holdings, Inc.*, No. 16-CV-577-MKB-SMG (E.D.N.Y. 2019) ............ 11

*Patterson v. County of Oneida*, 375 F.3d 206 (2d Cir. 2004) ...............................................11, 15

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11 (2d Cir. 2014) ........................ 11

*Summa v. Hofstra Univ.*, 708 F.3d 115 (2d Cir. 2013) .............................................................. 13

120

*Tolbert v. Smith*, 790 F.3d 427 (2d Cir. 2015) ................................................................. 10

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) ........................................ 14

*Vega v. Hempstead Union Free Sch. Dist..*, 801 F.3d 72 (2d Cir. 2015) .................................12, 13

**Statutes**

42 U.S.C. § 1981 .................................................................................5, 10, 12, 16

N.Y. Exec. Law § 290 et seq. (NYSHRL) ...................................................8, 10, 12, 16

N.Y. Lab. Law §§ 162, 190–191, 195, 196-b, 215, 652 ........................................................... 7

N.Y. Workers' Comp. Law § 50 ................................................................................13

28 U.S.C. § 1746 ................................................................................................. 12

**Rules**

Fed. R. Civ. P. 15 ................................................................................................ 10

Fed. R. Civ. P. 26, 30, 31, 37 ................................................................................. 14

Fed. R. Civ. P. 56 ................................................................................................. 8

Local Civ. R. 56.1 ................................................................................................ 8

121

## I. INTRODUCTION

Plaintiff Lidia M. Orrego, a Hispanic woman of Paraguayan descent, Pro Se, submits this Memorandum of Law in support of her motion for summary judgment on claims of hostile work environment and retaliation under 42 U.S.C. § 1981 and the New York State Human Rights Law (N.Y. Exec. Law § 290 et seq.) against Defendants Kevin Knipfing, Stephanieanna James-Knipfing, Old Westbury Eddie LLC, Old Westbury LLC, and Teresa A. Zantua. DE [8]. From January 31 to November 27, 2018, Defendants subjected Plaintiff to pervasive race-based harassment, including racial slurs, physical assaults, and slander, creating an abusive work environment. DE [8]. Plaintiff's protected complaints, including a November 2, 2018 email, led to immediate suspension, demotion, and termination under pretextual reasons, such as a fraudulent NDA breach from an unregistered entity, Old Westbury LLC. DE [8]. James-Knipfing's November 24, 2018, slander accusation and premature health insurance suspension under N.Y. Lab. Law § 195(6) exacerbated the hostility and retaliation. DE [8].

Discovery, supported by authenticated exhibits (See annexed Exhibits 1–25, PLA000001–PLA000136, DEFS_000017–DEFS_000023, from "1. Dated 08-08-2025 - LIST EXHIBITS SUMMARY JUDGMENT.pdf" and "1. Orrego_Evidence_20cv3361_Table Exhibits PLA000001-PLA008324.pdf"), confirms Defendants' liability. DE [73]. Over five years (2018–2025), Defendants' ongoing abuse, including discovery misconduct and WCB fraud, escalated damages from $8,250,000 (DE [8]: $250,000 lost wages/benefits, $6,000,000 compensatory, $2,000,000 punitive) to $1,501,090, necessitating a Second Amended Complaint to reflect medical deprivation and continued retaliation. DE [207]. Loft Legal Opinion Evidence confirms retaliation in Exhibit 17 (Labor Standards complaint, void/backdated NDAs, payroll violations, served via

122

email on July 7, 2025, Demand Letter, DE [205] Motion for Declaratory Relief). See annexed Exhibit 17 (PLA000063–PLA000122). DE [205]. M. Judge Shields showed excessive favoritism in NDA decisions, favoring Defendants' illegal NDA despite evidence of backdating and non-delivery. DE [196]. Plaintiff seeks summary judgment, damages, FRCP 37 sanctions, leave to amend, reinstatement or front pay, attorneys' fees, and costs, per Judge Bulsara's Individual Practices. DE [30].

## II. STATEMENT OF FACTS

Plaintiff, a Hispanic woman of Paraguayan descent, worked as a nanny and housekeeper for Defendants Knipfing, James-Knipfing, Old Westbury Eddie LLC, and Old Westbury LLC from January 31 to November 27, 2018, at their Old Westbury, NY home. See annexed Exhibit 4 (PLA000018–PLA000026). DE [8]. Zantua, James-Knipfing's sister and Plaintiff's supervisor, directed tasks like photographing children but subjected Plaintiff to daily racial harassment, e.g., "stupid Paraguayan" and "Mexicans disgusting." See annexed Exhibit 2 (PLA000004–PLA000013). DE [8].

On June 16, 2018, Zantua remarked, "You Mexicans eat a lot of corn, that's why your bones are useless," after a child injured Plaintiff's wrist. See annexed Exhibit 14 (PLA000053–PLA000054). DE [8]. Zantua encouraged children and staff to mock Plaintiff's accent and forbid Spanish, fostering an abusive environment. See annexed Exhibit 15 (PLA000146–PLA000149). DE [8]. Physical assaults, including one on October 23, 2018, witnessed by Zantua, caused severe injuries. See annexed Exhibit 8 (PLA000028–PLA000030). DE [8].

James-Knipfing exacerbated the hostility by texting Plaintiff on November 24, 2018, during an investigation, falsely accusing her of slander with a meme: "Inasmuch as you pray... God reveals the truth to those who have believed the slander." See annexed Exhibit 150

123

(PLA002149). DE [8]. Plaintiff complained to Testa on October 16, 2018, and via email on November 2, 2018, co-drafted with Uzcategui, reporting discrimination, harassment, and child mistreatment. See annexed Exhibits 7, 9 (PLA000025–PLA000034). DE [8]. Uzcategui's discussions with Plaintiff and witness Manuela E. Orrego confirmed Zantua's abuse. See annexed Exhibit 33 (PLA000259). DE [8]. After August 2018 complaints, Plaintiff was demoted to housekeeper and, post-November 2, suspended and terminated on November 27, 2018, via a fraudulent letter from unregistered Old Westbury LLC, citing pretextual NDA breaches despite authorized photos/videos (821 photos, 172 videos). See annexed Exhibits 5–6, 12, 16 (PLA000021–PLA000062). DE [8].

Defendants concealed Uzcategui's report, validating 70 facts from DE [8], and failed to disclose employment records. See annexed Exhibits 1–2, 13 (PLA000049–PLA000052, DEFS_000017–DEFS_000023). DE [73]. Kevin James never discussed investigation findings with the Plaintiff, offering no solutions. See annexed Exhibits 1–2 (DEFS_000017–DEFS_000023). DE [73]. Defendants suspended Plaintiff's health insurance before N.Y. Lab. Law § 195(6)'s five-day notice, denying medical care for PTSD, injuries, and Premature Ovarian Failure. See annexed Exhibits 10, 15, 18 (PLA000055–PLA000082). DE [8]. Defendants violated N.Y. Lab. Law §§ 162, 190–191, 195, 196-b, 215, 652, and Workers' Compensation Law § 50, withholding $408,000 in wages, overtime, and sick leave ($1,200). See annexed Exhibit 10 (PLA000063–PLA000080). DE [8].

Plaintiff's November 24, 2018, text to Kevin James offered to return an overpayment, showing good faith, yet termination followed within 24 hours. See annexed Exhibit 150 (PLA002149). DE [8]. Unlike Plaintiff, Uzcategui faced no suspension despite similar disclosures. See annexed Exhibit 13 (PLA000049–PLA000052). DE [73]. Defendants' counsel disparaged

7

124

Plaintiff as a "mentally disturbing woman" in 2025, and WCB fraud blocked treatment, escalating damages to $1,501,090 from $8,250,000 in DE [8] ($250,000 lost wages/benefits, $6,000,000 compensatory, $2,000,000 punitive), confirmed by the January 31, 2019, EEOC charge. See annexed Exhibits 18–20, 23–24 (PLA000081–PLA000122, PLA000185). DE [207]. Retaliation is confirmed by Loft Legal Opinion Evidence in Exhibit 17 (Labor Standards complaint, void/backdated NDAs, payroll violations, served via email in July 7, 2025, Demand Letter, DE [205] Motion for Declaratory Relief), showing continued deprivation of work, benefits, and medical treatment. See annexed Exhibit 17 (PLA000063–PLA000122). DE [205]. M. Judge Shields showed excessive favoritism in NDA decisions, favoring Defendants' illegal NDA despite evidence of backdating and non-delivery. DE [196]. Plaintiff requires a Second Amended Complaint to reflect these harms. DE [207].

### III. LEGAL STANDARD

Summary judgment is warranted when no genuine dispute of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). DE [30]. The court views facts favorably to the non-movant, but undisputed evidence entitles the movant to judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). DE [30]. For § 1981 and NYSHRL claims, Plaintiff must prove a hostile work environment and retaliation by a preponderance of evidence. *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). DE [30].

Local Civil Rule 56.1 requires a statement of undisputed facts with admissible evidence. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). DE [30]. Leave to amend under FRCP 15(a) is freely granted for Pro Se litigants to serve justice. *Duplan v. City of New York*, 888 F.3d 612, 626 (2d Cir. 2018). DE [207].

8

125

## IV. DEFENDANTS' CONCEALMENT OF EVIDENCE AND ONGOING RETALIATION FURTHER SUPPORT SUMMARY JUDGMENT

Plaintiff's diary entry dated December 13, 2018 (Ex. 26, PLA000137–PLA000139), translated post-termination, unequivocally demonstrates Defendants' bad faith in concealing critical evidence and retaliating against Plaintiff for her protected complaints. After her termination on November 27, 2018, Plaintiff completed the translation of her diary without receiving a copy of Rebeca Uzcategui's Investigation Report or any explanation, as noted in Fact 30 of the Rule 56.1 Statement. This report (Ex. 20, PLA000033–PLA000035), which Defendants withheld, corroborated Plaintiff's claims of racial discrimination, emotional abuse, and child-related concerns by Zantua, yet Defendants failed to disclose it, obstructing justice and furthering their retaliatory scheme. The diary further details Zantua's pervasive harassment, including racial remarks (e.g., "stupid Paraguayan," "Mexicans are disgusting") and unsafe conduct (e.g., running a red light, passing a stop sign, endangering children), which the Knipfings knew about but failed to address, as Plaintiff reported to Skylar Testa and the Knipfings multiple times in 2018 (Ex. 16, PLA000031–PLA000032; Ex. 32, PLA000036–PLA000040).

This inaction, coupled with the fraudulent termination letter from the unregistered "Old Westbury, LLC" (Ex. 50, PLA000046–PLA000050; Ex. 51, PLA000051–PLA000052), which falsely cited NDA breaches and child abuse allegations Plaintiff never made (Ex. 134, PLA000071–PLA000075; DE [22-5], p. 20), establishes a clear pattern of retaliation and fraud. Moreover, Defendants' ongoing abuse, including their counsel's disparagement of Plaintiff as a "mentally disturbing woman" in Appeal 2021-09209 (Ex. 120, PLA000085–PLA000089), and their reliance on falsified WCB records (Ex. 80, PLA000083–PLA000082) despite AG James'

126

confirmation of fraud in Hochfelder v. NYS WCB (Ex. 85, PLA000113–PLA000122), caused

escalating damages ($1,501,090) and necessitates a Second Amended Complaint  FRCP 15(a).

These undisputed facts, supported by the December 13 diary entry, warrant summary judgment on

Plaintiff's hostile work environment and retaliation claims under § 1981 and NYSHRL.

## V. ARGUMENT

### A. Plaintiff Establishes a Hostile Work Environment Under § 1981 and NYSHRL

A hostile work environment claim requires: (1) protected characteristic; (2) severe or

pervasive harassment; (3) subjective and objective hostility; and (4) employer imputability. *Vance

v. Ball State Univ.*, 570 U.S. 421, 424 (2013); *Littlejohn*, 795 F.3d at 315; *Lamarr-Arruz v. CVS

Pharmacy, Inc.*, 271 F. Supp. 3d 646, 655 (E.D.N.Y. 2017). DE [30]. NYSHRL's threshold is

lower, requiring harassment beyond "petty slights." *Bermudez v. City of New York*, 783 F. Supp.

2d 560, 587 (S.D.N.Y. 2011). DE [30].

### 1. Protected Characteristic and Unwelcome Conduct

Plaintiff, a Hispanic Paraguayan, is protected under § 1981 and NYSHRL for race/national

origin. *Duplan*, 888 F.3d at 616. DE [8]. Zantua's racial slurs (e.g., "stupid Paraguayan,"

"Mexicans disgusting") and James-Knipfing's November 24, 2018, slander accusation were

unwelcome and tied to Plaintiff's protected characteristics. See annexed Exhibits 2, 150

(PLA000004–PLA000013, PLA002149). DE [8].

In *Monroe v. City of New York*, No. 16-CV-6100-AYS (E.D.N.Y. 2020), racial remarks

established unwelcome conduct; Defendants' actions here are analogous. DE [30]. *Tolbert v.

Smith*, 790 F.3d 427, 439 (2d Cir. 2015), confirms that race-based harassment satisfies this

element. DE [30]. Similarly, the repeated racial slurs and discriminatory treatment directed at

Plaintiff fall squarely within the type of conduct these cases recognize as actionable.

127

## 2. Severe or Pervasive Harassment

Zantua's daily harassment (February–November 2018), including slurs, accent mockery, and instigated assaults, was severe/pervasive. See annexed Exhibits 2, 8, 14–15 (PLA000004–PLA000149). DE [8]. James-Knipfing's slander text, accusing Plaintiff of "slander" during the investigation, intensified the hostility. See annexed Exhibit 150 (PLA002149). DE [8].

The premature health insurance suspension under N.Y. Lab. Law § 195(6) denied medical care for injuries (e.g., wrist, PTSD), further aggravating the environment. See annexed Exhibit 10 (PLA000063–PLA000080). DE [8]. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993), holds frequent, severe conduct altering work conditions suffices; *Rivera v. Rochester Genesee Reg l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014), confirms racial slurs meet this. DE [30]. NYSHRL's lower threshold, per *Guzman v. City of New York*, 93 F. Supp. 3d 248, 256 (S.D.N.Y. 2015) is exceeded. DE [30]. *Patterson v. County of Oneida*, 375 F.3d 206, 227 (2d Cir. 2004), holds that benefits denial exacerbates hostility; the suspension does so here. DE [30].

## 3. Subjective and Objective Hostility

Plaintiff subjectively perceived the environment as abusive, shown by her diary, complaints, and medical treatment for stress, PTSD, and injuries (e.g., wrist, back) Ottley-Cousin v. MMC Holdings, Inc., No. 16-CV-577-MKB-SMG (E.D.N.Y. 2019), upheld similar emotional distress.. See annexed Exhibits 14–15, 18 (PLA000053–PLA000082). DE [8].

Objectively, a reasonable employee would find Zantua's slurs, James-Knipfing's slander, and insurance suspension hostile, particularly given ongoing racial insults and medical deprivation. See annexed Exhibits 2, 10, 150 (PLA000004–PLA000080, PLA002149). DE [8]. *Guzman*, 93 F. Supp. 3d at 263, confirms objective hostility from sustained racial harassment; *Feingold v. New*

11

128

*York*, 366 F.3d 138, 150 (2d Cir. 2004), upholds subjective distress from discriminatory acts. DE [30]. *Patterson*, 375 F.3d at 227, supports hostility from benefits denial tied to harassment. . DE [30].

### 4. Imputable to Defendants

Zantua's supervisory role, directing tasks, imputes her conduct to the Knipfings and corporate defendants. *Vance*, 570 U.S. at 424; *Orrego v. Knipfing*, 564 F. Supp. 3d 273, 285 (E.D.N.Y. 2021). DE [30]. James-Knipfing's slander directly implicates her and the entities. See annexed Exhibit 150 (PLA002149) certified under 28 U.S.C. § 1746. DE [8].

Defendants failed to exercise reasonable care UNTIL TODAY to prevent or correct harassment despite Plaintiff's complaints and Uzcategui's report. See annexed Exhibits 7, 9, 13 (PLA000025–PLA000052). DE [73]. *Lamarr-Arruz*, 271 F. Supp. 3d at 659, holds inaction imputes liability; *Bermudez*, 783 F. Supp. 2d at 589, rejects affirmative defenses when employers retaliate. DE [30].

The insurance suspension under N.Y. Lab. Law § 195(6) further imputes liability, as it denied care for harassment injuries. See annexed Exhibit 10 (PLA000063–PLA000080). DE [8]. Defendants have not established an affirmative defense, as they failed to address Plaintiff's complaints adequately, and Plaintiff reasonably pursued corrective measures. *Lamarr-Arruz*, 271 F. Supp. 3d at 659. DE [30].

### B. Plaintiff Establishes Retaliation Under § 1981 and NYSHRL

Retaliation requires: (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal connection between the two. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015); DE [30]. The causal connection may be established directly through evidence of retaliatory animus

12

129

or indirectly by showing that the protected activity was closely followed in time by the adverse action. These elements apply equally under federal and state anti-retaliation provisions.

## 1. Protected Activity

Plaintiff's complaints to Testa (October 16, 2018) and email (November 2, 2018), co-drafted with Uzcategui, opposed discrimination and abuse, qualifying as protected activity. See annexed Exhibits 7, 9 (PLA000025–PLA000034). DE [8]. The January 31, 2019, EEOC charge by Derek Smith Law Group, PLLC, further confirms this. See annexed Exhibit 23 (PLA000185). DE [8]. *Duplan*, 888 F.3d at 625, recognizes informal complaints; *Vega*, 801 F.3d at 90, includes EEOC filings. DE [30].

## 2. Adverse Employment Actions

Plaintiff faced demotion (August 15, 2018), suspension (November 2, 2018), and termination (November 27, 2018). See annexed Exhibits 9, 12 (PLA000046–PLA000109). DE [8]. James-Knipfing's slander accusation (November 24, 2018) and premature insurance suspension under N.Y. Lab. Law § 195(6) are adverse actions, deterring complaints and denying medical care. See annexed Exhibits 10, 150 (PLA000063–PLA000080, PLA002149). DE [8]. *Burlington*, 548 U.S. at 68; *Summa v. Hofstra Univ.*, 708 F.3d 115, 126 (2d Cir. 2013) (false accusations as adverse). DE [30]. N.Y. Defendants violated N.Y. Lab. Law §§ 162, 190–191, 195, 196-b, 215, 652, and Workers' Compensation Law § 50, withholding wages, overtime, and sick leave. DE [8].

## 3. Causal Connection and Pretext

Temporal proximity (25 days from email to termination, 3 days from slander to termination) establishes causation. *Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). DE [30]. Pretext is evident: the termination letter's NDA breach claim is false, as Plaintiff's 821 photos/172 videos were authorized (Exhibits 5–6), NDAs were backdated without delivery

13

130

(Exhibits 1, 17), and Old Westbury LLC is unregistered (Exhibit 16). See annexed Exhibits 1, 5–6, 12, 16–17 (PLA000001–PLA000080). DE [8]. Retaliation is confirmed by Loft Legal Opinion Evidence in Exhibit 17 (Labor Standards complaint, void/backdated NDAs, payroll violations, served via email on July 7, 2025, Demand Letter, DE [205] Motion for Declaratory Relief), showing continued deprivation of work, benefits, and medical treatment. See annexed Exhibit 17 (PLA000063–PLA000122). DE [205]. Defendants concealed Uzcategui's report and provided forged depositions. See annexed Exhibits 1–2, 9, 13 (PLA000049–PLA000052, DEFS_000017–DEFS_000023). DE [73]. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013), holds that pretext defeats defenses. DE [30]. Unlike Plaintiff, Uzcategui faced no retaliation for similar disclosures. See annexed Exhibit 13 (PLA000049–PLA000052). DE [73].

### C. Defendants' Discovery Misconduct Warrants Sanctions

Defendants' FRCP 26, 30, 31, and 37 violations merit sanctions. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012). DE [84].

#### 1. Failure to Disclose Critical Evidence

Defendants withheld Uzcategui's report (70 facts) and Old Westbury LLC records, obstructing justice. See annexed Exhibits 1–2, 13, 16 (PLA000049–PLA000062, DEFS_000017–DEFS_000023). DE [73]. Certificates of Good Faith (November 13, 2023) and the unredacted CPS certification (Exhibit 26, pp. 71–72) document this, with the Defendants' motion to quash CPS records as a delay tactic. See annexed Exhibits 26–27 (PLA000137–PLA000331). DE [199].

#### 2. Evasive Deposition Responses and Forged Signatures

Defendants' April 5, 2023, depositions were evasive, containing forged signatures and reflecting no review of the underlying evidence. See annexed Exhibit 9 (April 7, 2023). DE [84]. Certificates of Good Faith confirm that Defendants acted in bad faith. See annexed Exhibit 27

14

131

(PLA000231–PLA000331). DE [199]. These deficiencies undermine the credibility of the Defendants' testimony and suggest intentional obstruction of the discovery process. Such conduct supports an inference of willfulness and an effort to conceal material facts.

### 3. Appropriate Sanctions Under FRCP 37

Plaintiff requests sanctions (e.g., establishing facts as accurate, default judgment) for prejudice from delayed justice. *Chin*, 685 F.3d at 162. DE [84]. Defendants' failure to engage in discovery communications further justifies sanctions. See annexed Exhibit 27. DE [199].

### D. Plaintiff's Damages Necessitate Summary Judgment and Second Amended Complaint

Plaintiff's damages in DE [8] total **$8,250,000**: **$250,000** (lost wages/benefits, November 27, 2018–trial, including unemployment benefit loss, financial distress December 2018–January 2019); **$6,000,000** (compensatory for emotional distress, pain/suffering, mental anguish, loss of enjoyment/consortium, Major Depressive Disorder, Pain Disorder, PTSD, Premature Ovarian Failure from discrimination/retaliation, excluding WCB injuries); and **$2,000,000** (punitive to deter Defendants' egregious conduct, bullying, conspiracy). See annexed Exhibits 7–9, 23 (PLA000063–PLA000079, PLA000185). DE [8].

Over five years (2018–2025), damages escalated to **$1,501,090**, including $408,000 unpaid wages (340 weeks), overtime (77–88 hours/week), sick leave ($1,200, 326 hours), health insurance losses, WCB benefits, and medical deprivation from WCB fraud, confirmed by NYS AG James and the January 31, 2019, EEOC charge. See annexed Exhibits 10, 18–19, 23–24 (PLA000063–PLA000122, PLA000185). DE [207].

Plaintiff requires a Second Amended Complaint under FRCP 15(a) to reflect escalated damages ($1,501,090) and ongoing retaliation, including medical deprivation (e.g., PTSD, wrist injuries, Premature Ovarian Failure). See annexed Exhibits 15, 18, 20, 24, 27 (PLA000055–

132

PLA000331). DE [207]. *Duplan*, 888 F.3d at 626, supports amendment for Pro Se litigants; *Summa*, 708 F.3d at 129, recognizes damages from prolonged retaliation; *Patterson*, 375 F.3d at 227, upholds medical deprivation claims. DE [207]. Defendants' disparagement (2025 appeal) and discovery misconduct worsened harms. See annexed Exhibit 20 (PLA000085–PLA000089). DE [190].

## VI. CONCLUSION

Discovery has conclusively established that Defendants subjected Plaintiff to retaliation and a hostile work environment in violation of 42 U.S.C. § 1981 and the New York State Human Rights Law ("NYSHRL"). On November 24, 2018, Defendant James Knipfing falsely accused Plaintiff of slander while she was off duty, resulting in an unfair suspension despite clear evidence that her statements were truthful according to the evidence..

This false accusation, supported by Defendant Kevin James—whose celebrity status has placed him above accountability—constitutes not only retaliation and the creation of a hostile work environment, but also a public humiliation. Furthermore, the premature termination of Plaintiff's health insurance benefits, in violation of New York Labor Law § 195(6), underscores Defendants' ongoing retaliatory and hostile conduct.

Plaintiff respectfully requests that the Court grant Summary Judgment in her favor, award compensatory and punitive damages for emotional distress, physical harm, and economic loss, attorneys' fees, costs, and any other relief deemed just and proper, including reinstatement or front pay. DE [207].

133

Respectfully submitted,

Date: August 8, 2025
      Rego Park, New York

*/s/ Lidia M. Orrego*
Lidia M. Orrego
Plaintiff Pro Se
95-08 Queens Blvd Apt 3E
Rego Park, NY, 11374
Phone (347) 4532234
Email: liorrego@gmail.com
lidia.orrego@justiceforlidia.nyc

## CERTIFICATION OF WORD COUNT

I certify pursuant to Local Civil Rule 7.1 that this memorandum, including the Local Rule 56.1 Statement and affirmation, contains 3,893 words, exclusive of the table of contents, table of authorities, and this certification, as determined by Microsoft Word, and complies with the 8,750-word limit.